Thursday, December 21, 1995

**DISCIPLINARY DOCKET**

92–2164.   Lorain Cty. Bar Assn. v. Motsch.   On March 17, 1993, this court, pursuant to Gov.Bar R. V(6)(B)(3), suspended respondent, Barry Motsch, a.k.a., Barry Bruce Motsch, Attorney Registration No. 0039535, last known business address in Lorain, Ohio, from the practice of law for six months, but stayed the suspension on the following conditions:   that within three years from August 13, 1992, respondent (1) refrain from private practice; (2) complete and provide proof of completion of at least six hours of continuing legal education on practice management in addition to his mandatory continuing legal education; and (3) refund $100 to Vickie Stipe.   It now coming to the attention of this court that respondent is not now and never has been in full compliance with the requirements of Gov.Bar R. X,

IT IS ORDERED by the court, *sua sponte*, effective December 20, 1995, that the six-month suspension that was originally imposed but stayed on conditions against respondent, Barry Motsch, a.k.a., Barry Bruce Motsch, is now imposed for respondent's failure to comply with this court's March 17, 1993 order, and that, effective immediately, respondent shall be suspended from the practice of law for six months, pursuant to Gov.Bar R. V(6)(B)(3).

IT IS FURTHER ORDERED that the respondent, Barry Motsch, a.k.a., Barry Bruce Motsch, immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency or other public authority.

IT IS FURTHER ORDERED that respondent is hereby forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

IT IS FURTHER ORDERED that respondent is hereby divested of each, any and all of the rights, privileges and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

IT IS FURTHER ORDERED that respondent surrender his certificate of admission to practice to the Clerk of this court on or before January 19, 1996, and that his name be stricken from the roll of attorneys maintained by this court.

IT IS FURTHER ORDERED that, pursuant to Gov.Bar R. X(3)(F), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension.   As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(F), respondent shall complete one credit hour of instruction related to ethics and professional responsibility, including instruction on substance abuse, for each six months, or portion of six months, of the suspension.

IT IS FURTHER ORDERED that respondent shall not be reinstated to the practice of law in Ohio until respondent complies with the requirements for reinstatement set forth in the Supreme Court

Rules for the Government of the Bar and this court orders respondent reinstated.

IT IS FURTHER ORDERED that on or before January 19, 1996, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of his suspension and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that on or before January 19, 1996, respondent surrender his attorney registration card for the 1995–1997 biennium.

IT IS FURTHER ORDERED that respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, *sua sponte,* that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte,* that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

For earlier case, see *Lorain Cty. Bar Assn. v. Motsch* (1993), 66 Ohio St.3d 56, 607 N.E.2d 1069.

DOUGLAS, J., dissents and would issue a show cause order.

## MISCELLANEOUS DISMISSALS