[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 1.]

OFFICE OF DISCIPLINARY COUNSEL *v.* BROWN.

[Cite as *Disciplinary Counsel v. Brown*, 1998-Ohio-303.]

*Attorneys at law—Misconduct—Indefinite suspension—Failing to comply with orders of Supreme Court from prior disciplinary suspension—Continuing to practice law while suspended.*

(No. 98-399—Submitted July 8, 1998—Decided November 10, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-104.

_____

{¶ 1} In May 1985, we suspended respondent, Paul Raymond Brown of Columbus, Ohio, Attorney Registration No. 0037693, from the practice of law for one year. *Columbus Bar Assn. v. Brown* (1985), 16 Ohio St.3d 29, 16 OBR 409, 476 N.E.2d 654. In August 1995, we fined respondent $340 and suspended him from the practice of law for failure to comply with the continuing legal education requirements of Gov.Bar R. X for the 1992-1993 reporting period. That order required respondent to notify all of his clients of his suspension, to deliver to his clients all of their papers and property that he might have in his possession, to refund to his clients any unearned fees, to give notice of his disqualification to opposing counsel in all his pending cases and to all courts and agencies where he was involved in pending litigation, to accomplish all these actions by certified mail where appropriate, to maintain a record of all these actions, and to file an affidavit with the Clerk of this court and Disciplinary Counsel indicating that all of these actions had been accomplished.

{¶ 2} In September 1995, respondent filed an affidavit with the Clerk of the Supreme Court, representing that he had "complied with the order of the Court within the case." The affidavit was accompanied by twenty-one undated certified

mail receipts, indicating that these were the only notices required by the order. In December 1995, we ordered that respondent be reinstated to the practice of law. *In re Report of the Comm. on Continuing Legal Edn. (Paul Raymond Brown)* (1995), 74 Ohio St.3d 1487, 658 N.E.2d 305.

{¶ 3} However, relator, Office of Disciplinary Counsel, investigated and found that respondent failed to notify all of his clients of his suspension and failed to accomplish any of the other actions required by our August 1995 order. Moreover, during the period he was suspended from the practice of law, respondent continued to represent seven clients in the common pleas court and ten clients in the municipal court. In addition, for four of the five biennia from 1987 through 1997, respondent failed to register timely with the Clerk of the Supreme Court as required by Gov.Bar R. VI(1)(A).

{¶ 4} On December 9, 1996, relator filed a complaint charging that respondent's conduct violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct that adversely reflects upon the attorney's fitness to practice law), and 3-101(B) (practicing in a jurisdiction where to do so would be in violation of the regulations of the profession in that jurisdiction). Relator also charged that respondent's failure to file timely Certificates of Registration was a violation of Gov.Bar R. VI(1) and (3). The matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 5} The panel received the stipulations of the parties and held a hearing at which respondent submitted evidence that his failure to comply with the orders of this court was a result of his partial dependence upon alcohol. Respondent also submitted evidence that he had entered the Ohio Lawyers Assistance Program ("OLAP") in July 1997 and is currently in compliance with his contract and in good standing with OLAP. The panel found the facts as stipulated and concluded that respondent had violated the Disciplinary Rules as charged and had engaged in the

2

unauthorized practice of law in violation of Gov.Bar R. VII. In view of respondent's attempts at rehabilitation, the panel recommended that respondent be suspended from the practice of law for two years with the second year of the suspension stayed. The board accepted the findings and conclusions of the panel, but due to respondent's prior disciplinary suspension and his continued practice while suspended, recommended that respondent be indefinitely suspended from the practice of law. It further recommended that evidence of OLAP compliance be a condition to his reinstatement to the practice of law.

————————————

*Jonathan E. Coughlan*, Disciplinary Counsel, *Kevin L. Williams* and *Lori J. Brown*, Assistant Disciplinary Counsel, for relator.

*James J. Chester,* for respondent.

————————————

**Per Curiam.**

{¶ 6} We adopt the findings of the board and its conclusions that respondent violated the Disciplinary Rules as charged. Respondent is hereby indefinitely suspended from the practice of law. A condition of respondent's possible reinstatement will be evidence of compliance with his contract with OLAP. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., RESNICK, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, F.E. SWEENEY and PFEIFER, JJ., would suspend respondent for two years with one year stayed.

————————————